IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| VIRGINIA BILLINGS, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO HOUSING AUTHORITY, an Illinois municipal corporation; MARILYN D. JEFFERSON; and GLENDA CLARK, <br><br> Defendants. | Case No. <br><br><br><br> Jury Trial Demanded |

**COMPLAINT**

Plaintiff, Virginia Billings, through her attorneys, complains against defendants Chicago Housing Authority, Marilyn D. Jefferson and Glenda Clark as follows:

**Jurisdiction and Venue**

1. Ms. Billings brings this action under the Family Medical Leave Act of 1993, 29 U.S.C. §§2601, *et seq.* (FMLA). This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1331.

2. This Court has personal jurisdiction over defendant Chicago Housing Authority (CHA) because it is incorporated, headquartered and does business in the state of Illinois.

3. This Court has personal jurisdiction over defendants Marilyn D. Jefferson and Glenda Clark because they reside in the state of Illinois.

1

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and (3) because the unlawful employment practices which form the basis for Ms. Billings's cause of action took place in this district and all parties reside in this district.

## The Parties

5. Plaintiff, Virginia Billings, is a resident of Chicago, Illinois. She was employed by the CHA from 2003 until her involuntary termination on July 22, 2016. At the time of her termination, Ms. Billings served as a Portfolio Manager in the CHA's Property Division and earned an annual salary of $82,500.

6. Defendant Chicago Housing Authority is a municipal corporation established by the state of Illinois in 1937. *See generally* 310 ILCS 10/2, *et seq.* The CHA has jurisdiction for the administrative oversight of public housing within the city of Chicago. The CHA's mission is guided by a Board of Commissioners appointed by the City's mayor, and has a budget in excess of $1 billion, independent from that of the city of Chicago. Its headquarters are located at 60 East Van Buren Street, Chicago, Illinois. The CHA is a covered employer under the FMLA because it is engaged in an industry affecting commerce and employs fifty or more employees for each working day during each of the 20 or more calendar workweeks in 2016 or the preceding calendar year.

7. Defendant Marilyn D. Jefferson is a resident of Cook County, Illinois. At the time of Ms. Billings's termination, Ms. Jefferson was the CHA's Senior Director, Human Resources and Training.

8. Defendant Glenda Clark is a resident of Cook County, Illinois. At the time of Ms. Billings's termination, Ms. Clark served as a Director in the CHA's Property Division and was Ms. Billings's direct supervisor.

### Statement of Claim

9. On or about July 14, 2016, Ms. Billings collapsed while at work at the CHA. She was taken to the emergency room at Northwestern Memorial Hospital.

10. Northwestern Memorial discharged Ms. Billings on July 15, 2016. Her treating physician at the hospital gave her permission to return to work the following Monday on the express condition that she be examined and deemed fit to work by her primary physician.

11. Upon discharge from the hospital, at 8:53 a.m., Ms. Billings emailed to Ms. Jefferson a copy of the return-to-work she received at Northwestern and advised her of the following: "Please see the attached return to work. However, I have to see my Personal Doctor and will let you know the date of the appointment next week. Thank you."

12. On July 19, 2016, notwithstanding that Ms. Billings explained that she first needed to see her primary physician, Ms. Jefferson emailed Ms. Billings, telling her: "Your doctor's note said that you could return on July 18th. Since we did not see you yesterday or today, can you advise us of your status."

13. Ms. Billings was examined by her primary physician on July 21, 2016. Ms. Billings's primary physician, Dr. Kelsey, ordered that Ms. Billings not return to work for another week, until July 28.

14. Immediately following her examination by her primary physician, Ms. Billings reported her physician's order to Ms. Jefferson. Ms. Billings explained that because of problems with her internet service she was unable to email her primary physician's statement itself, but accurately explained that "[t]he statement will inform of my return on next week Thursday [July 28]." Dr. Kelsey's order is attached as Exhibit A.

15. Ms. Jefferson was fully aware that Ms. Billings was absent from work because she was suffering from a serious medical condition that required hospitalization and, upon discharge from the hospital, continued home rest and treatment, at least until July 28, 2016. Nonetheless, Ms. Jefferson sought and received approval from Ms. Clark to terminate Ms. Billings. On July 25, 2016, Ms. Jefferson informed Ms. Billings in an email that the CHA had terminated her for job abandonment.

## Count I

### Unlawful interference with plaintiff's right to take medical leave under the Family Medical Leave Act in violation of 29 U.S.C. §2615(a)(1).

16. The FMLA enables qualified "employees to take reasonable leave for medical reasons" or to recover from a serious health condition. 29 U.S.C. §2601(b). The statute defines a serious health condition "as any illness, injury, impairment, or physical or mental condition … that involves … inpatient care [or] continuing treatment by a health care provider." 29 U.S.C. §2611(11). The FMLA guarantees eligible employees 12 weeks of medical leave during a 12 month period.

17. On July 15, 2016, Ms. Billings was hospitalized for a serious health condition. She notified the CHA, Ms. Jefferson and, through Ms. Jefferson, Ms. Clark, that she was being treated for that condition. Independent of Ms. Billings's express notification, the CHA became aware of Ms. Billings's serious medical condition when she collapsed while at work and taken from the CHA to a hospital emergency room for treatment.

18. Once the CHA was on notice that Ms. Billings was taking FMLA-qualifying leave, it was legally obligated to (1) within five business days notify her of her eligibility to take FMLA leave, 29 C.F.R. §825.300(b)(1); (2) notify her in writing whether the leave will be designated as FMLA leave, 29 C.F.R. §825.300(d)(1); (3) provide written notice detailing her obligations under the FMLA and explaining any consequences for failing to meet those obligations, 29 C.F.R. §825.300(c)(1); and (4) notify her of the specific amount of leave that will be counted against her FMLA leave entitlement, 29 C.F.R. §825.300(d)(6). The CHA gave Ms. Billings no such notice.

19. Ms. Billings complied with all reasonable requests to inform the CHA and Ms. Jefferson of her medical condition and return-to-work status. Upon discharge from the hospital, Ms. Billings notified the CHA that before she returned to work, she needed to be examined by her primary physician, a licensed health care provider. She then notified the CHA that her primary physician determined that she would not be medically fit to return to work until July 28, 2016.

20. Under the FMLA, Ms. Billings was an eligible employee during the period of July 15 to July 28, 2016 because she was employed by the CHA for at least 12 months and worked at least 1,250 hours during the 12 month period before her serious health condition forced her to take medical leave. 29 U.S.C. §2611(2)(A).

21. The FMLA entitles an employee on leave to the right to return to the same position and benefits she had before she took leave. 29 U.S.C. §2614(a)(1)-(2).

22. The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. §2615(a)(1). The CHA unlawfully interfered with Ms. Billings's rights under the FMLA by improperly terminating her for "job abandonment" while she was on medical leave and failing to allow her to return to the position she held when she took leave.

23. The CHA further interfered with Ms. Billings's rights under the FMLA by failing to comply with the Act's notification requirements set forth in paragraph 18, above. The CHA's failure to give such notification, particularly its failure to give her written notice detailing her obligations under the FMLA and explaining any consequences for failing to meet those obligations, denied Ms. Billings the opportunity to avoid a claim that she was absent from her job without leave.

24. The FMLA includes in the definition of an employer "any person who acts, directly or indirectly, in the interest of an employer to any of the

employees of such employer." 29 U.S.C.§2611(4)(ii). Ms. Jefferson and Ms. Clark were both employers involved in the decision to terminate Ms. Billings and the failure to properly notify her of her rights under the FMLA and, therefore, are jointly and severally liable with the CHA for all damages arising out of Ms. Billings's unlawful termination. 29 C.F.R. §825.104(d).

WHEREFORE, plaintiff, Virginia Billings, prays that this Court enter judgment against defendants Chicago Housing Authority, Marilyn D. Jefferson and Glenda Clark:

    a) awarding plaintiff back wages, bonuses and benefits from her date of discharge, July 22, 2016, through the date on which this Court enters judgment and front wages in an amount equal to her award of back wages;

    b) awarding plaintiff liquidated damages equal to the sum of the amount of her loss plus interest pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

    c) ordering that defendant Chicago Housing Authority immediately reinstate plaintiff to her prior position with full seniority and benefits;

    d) awarding plaintiff her attorneys' fees, experts' fees and costs of this action pursuant to 29 U.S.C. § 2617(a)(3); and

    e) awarding plaintiff such other relief as this Court deems just and equitable.

## Count II

**Unlawful retaliation against plaintiff because she exercised her right to take medical leave under the Family Medical Leave Act in violation of 29 U.S.C. §2615(a)(2).**

25. Plaintiff realleges paragraphs 1 through 24.

26. The FMLA prohibits employers from discharging or otherwise discriminating against any individual for opposing any practice made unlawful by the FMLA. 29 U.S.C. §2615(a)(2). Under regulations promulgated under the FMLA, this provision means that "[a]n employer is prohibited from discriminating against employees ... who have used FMLA leave." 29 C.F.R. §825.220(c).

27. By taking FMLA leave to address a serious health condition, Ms. Billings engaged in a statutorily protected activity.

28. The CHA, Ms. Jefferson and Ms. Clark were fully aware that Ms. Billings was absent from work on medical leave beginning July 15, 2016 and that she was suffering from a serious medical condition.

29. The CHA terminated Ms. Billings because she was on medical leave, expressly claiming that she had abandoned her job while knowing full well that she intended to return to work on July 28, the date on which her primary physician released her to do so.

30. The CHA intentionally denied Ms. Billings written notice detailing her obligations under the FMLA and explaining any consequences for failing to meet those obligations, which denied Ms. Billings the opportunity to avoid a claim that she was absent without leave.

31. The actions of the CHA, Ms. Jefferson and Ms. Clark were intentional, willful and malicious, and showed their deliberate indifference to Ms. Billings's rights under the FMLA.

WHEREFORE, plaintiff, Virginia Billings, prays that this Court enter judgment against defendants Chicago Housing Authority, Marilyn Jefferson and Glenda Clark:

a) awarding plaintiff back wages, bonuses and benefits from her date of discharge, July 22, 2016, through the date on which this Court enters judgment and front wages in an amount equal to her award of back wages;

b) awarding plaintiff liquidated damages equal to the sum of the amount of her loss plus interest pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

c) ordering that defendant Chicago Housing Authority immediately reinstate plaintiff to her prior position with full seniority and benefits;

d) awarding plaintiff her attorneys' fees, experts' fees and costs of this action pursuant to 29 U.S.C. § 2617(a)(3); and

e) awarding plaintiff such other relief as this Court deems just and equitable.

VIRGINIA BILLINGS

By: /s/ Kenneth P. Ross
      One of her attorneys

Kenneth P. Ross (ARDC #2394685)
Francis C. Wilkie (ARDC #6321729)
CROTTY & SCHILTZ, LLC
120 North LaSalle Street, 20th Floor
Chicago, IL  60602
(312) 444-1000

e-mail:     kross@crottylaw.com
            fwilkie@crottylaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

                                VIRGINIA BILLINGS


                        By:   /s/ Kenneth P. Ross
                             One of her attorneys